# EXHIBIT A

IN THE COUNTY COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY FLORIDA
CIVIL DIVISION

**ROSALIA DEMARION,**

    **Plaintiff,**             CASE NO.

v.

                          JURY TRIAL DEMANDED

**EQUIFAX INFORMATION SERVICES,
LLC, EXPERIAN INFORMATION
SOLUTIONS, INC., and
SYNCHRONY BANK,**

    **Defendant.**
_____/

## COMPLAINT

Plaintiff, Rosalia Demarion ("Plaintiff" or "Ms. Demarion"), by and through the undersigned attorney, hereby files this *Complaint* against Equifax Information Services, LLC, ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Synchrony Bank ("Synchrony") (collectively "Defendants"), and states the following:

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action pursuant to 15 U.S.C. § 1681 *et seq.*, the Fair Credit Reporting Act ("FCRA").

2.    Synchrony is reporting inaccurate information to Plaintiff's credit reporting agencies, namely Equifax and Experian, relating to a fraudulent account. Moreover, Plaintiff's credit report agencies removed a legitimate account serviced by Synchrony.

3.    Due to Synchrony's actions, Plaintiff's credit score has decreased and has negatively impacted her ability to purchase/finance other goods.

1

4. Plaintiff seeks damages, costs, and attorney's fees from Defendants for the above violations.

## JURISDICTION AND VENUE

5. This is an action for damages not exceeding $50,000.00, exclusive of interest, attorney's fees, and court costs.

6. Pursuant to Fla. Stat. § 26.012, and other applicable law, this Honorable Court has jurisdiction over each cause of action set forth herein.

7. Venue is proper in Sarasota County, Florida, because the causes of action arose in Sarasota County, Florida.

## PARTIES

8. Plaintiff, Rosalia Demarion, is a natural person residing in Sarasota County, Florida, where the causes of action arose, and is a "consumer," as that term is defined by 15 U.S.C. § 1681(a).

9. Defendant, Synchrony Bank, including its collection agents and assigns, is headquartered in Utah, does business in the State of Florida, and is a "person" under 15 U.S.C. § 1681(b).

10. Defendant, Equifax Information Services, is a foreign limited liability company, is a citizen of Fulton County, Georgia, is headquartered in Georgia, does business in the State of Florida, and is a "consumer reporting agency" as defined by 15 U.S.C. § 1681(f). Moreover, Equifax regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined by 15 U.S.C. § 1681(f) to third parties.

11. Equifax disburses such consumer reports to third parties of contract for monetary compensation.

12. Defendant, Experian Information Solutions, is a foreign profit corporation, is a citizen of Orange County, California, is headquartered in California, does business in the State of Florida, and is a "consumer reporting agency" as defined by 15 U.S.C. § 1681(f). Moreover, Experian regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined by 15 U.S.C. § 1681(f) to third parties.

13. Experian disburses such consumer reports to third parties of contract for monetary compensation.

14. Defendants, in the conduct of their business, use one or more instrumentalities of interstate commerce or the mails, including without limitation to, electronic communication with Plaintiff.

15. The conduct of Defendants was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendants, and/or they knew in advance that Defendants was likely to conduct themselves, and allowed them to so act, with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendants acted within the course and scope of such agency or employment and acted with the consent, permission, and authorization of Defendants.

16. Defendants' conduct, set forth below, served only to harass and exhaust the Plaintiff's will into making a payment.

## FACTUAL ALLEGATIONS

A.  **Synchrony's Accounts**

17. Plaintiff was alleged to owe Synchrony a debt (the "Alleged Debt").

18. Synchrony serviced Plaintiff's account ending in -5459. The said account was active and in good standing.

19. Synchrony subsequently deleted the account ending in -5459 due to an alleged fraud.

20. Synchrony then began reporting an account ending in -5669 as accurate and belonging to Plaintiff.

21. Plaintiff's alleged account ending in -5669 was opened by fraud and did not belong to Plaintiff.

22. Plaintiff informed Synchrony multiple times that Synchrony closed an account that was active and in good standing; however, Synchrony continued reporting this account inaccurately.

23. Synchrony had actual knowledge of the fact that the Alleged Debt and specifically, the account ending in -5669, was illegitimate because, upon information and belief, Synchrony has access to all account records/notes, among other documents.

24. Synchrony had actual knowledge of the fact that the Alleged Debt and specifically, the account ending in -5459, was active and in good standing because, upon information and belief, Synchrony has access to all account records/notes, among other documents.

B.  **Inaccurate Reporting by Equifax, Experian, and Synchrony**

25. Despite Plaintiff's efforts, Synchrony inaccurately reported to her credit reporting agencies inaccurate information relating to Plaintiff's accounts ending in -5459 and -5669.

4

26. Equifax falsely alleges that Plaintiff is the owner of account number ending in -5669.

27. Equifax falsely alleges that Plaintiff's account ending in -5459 was fraudulent.

28. Synchrony reported invalid and incomplete account information, as well as inaccurate and incorrect account data to Equifax by implying that Plaintiff account ending in -5669 is active and belonged to Plaintiff.

29. Synchrony reported invalid and incomplete account information, as well as inaccurate and incorrect account data to Equifax by implying that Plaintiff account ending in -5459 was fraudulent in nature and removed it from her credit reports.

30. On or about September 7, 2023, Plaintiff sent a dispute letter to Equifax disputing the validity and accurateness of Synchrony's accounts. A copy of Plaintiff's dispute letter dated September 7, 2023, is attached hereto as **Exhibit A**.

31. Upon information and belief, Equifax conducted a superficial "reinvestigation" after receiving Plaintiff's dispute letter.

32. Upon information and belief, Synchrony received notice of the dispute letter from Equifax and responded to Equifax that it had conducted an investigation and verified inaccurate information as accurate.

33. Equifax failed to take any further steps to investigate Plaintiff's dispute letter (**Exhibit A**) and therefore, inaccurately informed Plaintiff that the reporting of the Alleged Debt was in fact accurate.

34. Equifax has continued to inaccurately report Plaintiff's Synchrony accounts on Plaintiff's consumer report and have included such on any publications of Plaintiff's consumer report.

35. Plaintiff's harm and/or damages is ongoing as Experian has failed to correct the inaccuracies in her credit report.

36. On or about September 7, 2023, Plaintiff sent a dispute letter to Experian disputing the validity and accurateness of Synchrony's accounts. A copy of Plaintiff's dispute letter dated September 7, 2023, is attached hereto as **Exhibit B**.

37. Upon information and belief, Experian conducted a superficial "reinvestigation" after receiving Plaintiff's first dispute letter.

38. Upon information and belief, Synchrony received notice of the dispute letter from Experian and responded to Experian that it had conducted an investigation and verified inaccurate information as accurate.

39. Experian failed to take any further steps to investigate Plaintiff's dispute letter (**Exhibit B**) and therefore, inaccurately informed Plaintiff that the reporting of the Alleged Debt was in fact accurate.

40. Experian has continued to inaccurately report Plaintiff's Synchrony accounts on Plaintiff's consumer report and have included such on any publications of Plaintiff's consumer report.

41. Plaintiff's harm and/or damages is ongoing as Experian has failed to correct the inaccuracies in her credit report.

42. Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit credentials.

43. Plaintiff's damages pursuant to the FCRA have continued and are continuing as of the filing of this *Complaint*.

6

44. As described below, the conduct of Synchrony, Equifax, and Experian constitutes violations of the FCRA as referenced above, because their inaccurate and incorrect reporting continues to damage Plaintiff and hurt her ability to acquire credit due to her diminished credit worthiness. As a result of Synchrony's, Equifax's, and Experian's conduct, Plaintiff suffered lost time, stress and frustration.

## COUNT I

## VIOLATION OF THE FCRA BY SYNCHRONY

45. This is an action against Synchrony for violation of 15 U.S.C. §1681s-2(b).

46. Plaintiff re-alleges and reincorporates paragraphs 1 through 44, as if fully set forth herein.

47. Synchrony violated 15 U.S.C. §1681s-2(b) by continuing to report inaccurate information after notice and confirmation of those errors.

48. As a result of this conduct, action and inaction of Synchrony, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

49. In the alternative, Synchrony was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

50. Plaintiff is entitled to recover costs and attorney's fees from Synchrony in an amount to be determined by this Honorable Court pursuant to 15 U.S.C. §1681n and or §1681o.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in Plaintiff's favor finding that Synchrony has violated the FCRA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT II

## VIOLATION OF THE FCRA BY EQUIFAX

51.     This is an action against Equifax for violation of 15 U.S.C. §1681e(b).

52.     Plaintiff re-alleges and reincorporates paragraphs 1 through 44, as if fully set forth herein.

53.     Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

54.     As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

55.     In the alternative, Equifax was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

56.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by this Honorable Court pursuant to 15 U.S.C. §1681n and or §1681o.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in Plaintiff's favor finding that Equifax has violated the FCRA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT III

## VIOLATION OF THE FCRA BY EQUIFAX

57. This is an action against Equifax for violation of 15 U.S.C. §1681i.

58. Plaintiff re-alleges and reincorporates paragraphs 1 through 44, as if fully set forth herein.

59. Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures to which to filer and verify disputed information in Plaintiff's credit file, and by relying upon verification from a source it knows to be unreliable.

60. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

61. In the alternative, Equifax was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

62. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by this Honorable Court pursuant to 15 U.S.C. §1681n and or §1681o.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in Plaintiff's favor finding that Equifax has violated the FCRA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT IV

## VIOLATION OF THE FCRA BY EXPERIAN

63. This is an action against Experian for violation of 15 U.S.C. §1681e(b).

64. Plaintiff re-alleges and reincorporates paragraphs 1 through 44, as if fully set forth herein.

65. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

66. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

67. In the alternative, Experian was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

68. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by this Honorable Court pursuant to 15 U.S.C. §1681n and or §1681o.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in Plaintiff's favor finding that Experian has violated the FCRA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

# COUNT V

## VIOLATION OF THE FCRA BY EXPERIAN

69. This is an action against Experian for violation of 15 U.S.C. §1681i.

70. Plaintiff re-alleges and reincorporates paragraphs 1 through 44, as if fully set forth herein.

71. Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures to which to filer and verify disputed information in Plaintiff's credit file, and by relying upon verification from a source it knows to be unreliable.

72. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

73. In the alternative, Experian was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

74. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by this Honorable Court pursuant to 15 U.S.C. §1681n and or §1681o.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in Plaintiff's favor finding that Experian has violated the FCRA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. Amend. 7 and Fla. R. Civ. Pro. 1.430.

Dated: January 19, 2024                              Respectfully Submitted,

**SHRADER, MENDEZ & O'CONNELL**
612 W. Bay Street
Tampa, Florida 33606
Phone: (813) 360-1529
Fax:    (813) 336-0832

/s/ Alejandro J. Mendez_____
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@shraderlawfirm.com
**ALEJANDRO J. MENDEZ, ESQ.**
Florida Bar No. 1025247
e-mail: amendez@shraderlawfirm.com
**KELLIE N. O'CONNELL, ESQ.**
Florida Bar No. 1030942
e-mail: koconnell@shraderlawfirm.com
*Attorneys for Plaintiff*

# EXHIBIT A

Rosalia Demarion
1864 Nordendale Boulevard
North Port, FL 34288

September 7, 2023

Complaint Department
Equifax Information Services, LLC
P.O. Box 7404256
Atlanta, GA 30374

Re:   **Equifax Information Services, LLC Dispute**

Dear Sir or Madam:

I am writing to dispute the following information in my file.

Equifax Information Services, LLC ("Equifax") is reporting inaccurate information on my credit report as both accurate and valid relating to multiple accounts serviced by Synchrony. Specifically, Equifax is inaccurately reporting a fraudulent account serviced by Synchrony ending in -5669 as accurate. Moreover, Equifax, through information provided by Synchrony, removed an active account serviced by Synchrony ending in -5459. Equifax is in violation of 15 U.S.C. § 1681 *et seq.*, the Fair Credit Reporting Act ("FCRA"), for failing to establish or follow reasonable procedures to assure maximum possible accuracy in preparation of the credit report.

Therefore, please reinvestigate this matter and delete the account as soon as possible.

Thank you for your prompt attention to this matter.

Sincerely,

X *Ms. Rosalia M. De'Marion*

**Rosalia Demarion**

# EXHIBIT B

Rosalia Demarion
1864 Nordendale Boulevard
North Port, FL 34288

September 7, 2023

Consumer Solutions
Experian Information Solutions Inc
P.O. Box 4500
Allen, TX 75013

Re:   **Experian Information Solutions Inc Dispute.**

Dear Sir or Madam:

I am writing to dispute the following information in my file.

Experian Information Solutions Inc is reporting inaccurate information on my credit report as both accurate and valid relating to multiple accounts serviced by Synchrony. Specifically, Experian is inaccurately reporting a fraudulent account serviced by Synchrony ending in -5669 as accurate. Moreover, Experian, through information provided by Synchrony, removed an active account serviced by Synchrony ending in -5459. Experian is in violation of 15 U.S.C. § 1681 *et seq.*, the Fair Credit Reporting Act ("FCRA"), for failing to establish or follow reasonable procedures to assure maximum possible accuracy in preparation of the credit report.

Therefore, please reinvestigate this matter and delete the account as soon as possible.

Thank you for your prompt attention to this matter.

Sincerely,

X *Ms. Rosalia M. DeMarion*

**Rosalia Demarion**